**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JASON B. BASS,** )<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of the Social** )<br>**Security Administration,** )<br>)<br>**Defendant.** ) | **Case No. CIV-12-168-R** |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C).  The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings**.**

**PROCEDURAL HISTORY**

Plaintiff's applications for DIB and SSI, alleging a disability beginning January 1, 2009, were denied on initial consideration and on reconsideration at the administrative level (TR. 9). Pursuant to the Plaintiff's request, an administrative law judge (ALJ) held a hearing *de novo* on August 23, 2011 (TR. 18-49).  Plaintiff appeared with counsel and

testified in support of the applications (TR. 26-38). A vocational expert also testified (TR. 39-43). The ALJ issued his decision on September 26, 2011, finding that Plaintiff was not disabled (TR. 9–17). The Appeals Council denied Plaintiff's request for review on December 19, 2011, and the decision of the ALJ became the final decision of the Commissioner (TR. 1-4).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520; 416.920. At step one, the ALJ found that, although Plaintiff had continued to work part time after the alleged onset date, his earnings have not constituted substantial gainful activity (TR. 11). At step two, the ALJ concluded that Plaintiff has the following severe impairments: borderline intellectual functioning, anxiety, obesity, and sleep apnea (TR. 11). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 11-12).  At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of medium work as defined in 20 CFR 404.1567(c) and 20 CFR 416.967(c) in that he can lift and carry fifty pounds occasionally, twenty five frequently, and can walk, stand, and sit six hours in an eight hour workday. However, the claimant is limited to work environments where contact with the public is brief, adaptability to changes is limited, and tasks are simple and require only routine supervision

(TR. 13).  The ALJ then determined that Plaintiff was unable to perform any past relevant work (PRW) (TR. 16).

At step five, the ALJ applied Medical-Vocational Rule 203.28, obtained the testimony of a VE, and determined that Plaintiff could perform other jobs existing in significant numbers in the national economy including candy spreader, laundry worker

and box bender (TR. 17).  Thus, at step five of the sequential evaluation process the ALJ determined that Plaintiff was not disabled.

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred in failing to apply the correct legal standards for determining the weight to be given to the treating physician's opinion. Plaintiff further challenges the ALJ's RFC finding on the basis that the ALJ failed to include limitations caused by Plaintiff's sleep apnea and obesity.

## ANALYSIS

### I.     The ALJ's Evaluation of the Treating Physician's Opinion

The Tenth Circuit Court of Appeals has long recognized the proper analysis and legal standards for determining the weight to be given to the opinions of treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for

4

the weight afforded the opinion, and his reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source.  As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ ] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id.* at 1119

(quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

Plaintiff challenges the ALJ's analysis of the medical opinions of W. Dean Spence, M.D. Despite the Commissioner's argument to the contrary, the record indicates that for several years Dr. Spence has been Plaintiff's treating physician, and the ALJ identified him as such (TR. 15). Dr. Spence treated Plaintiff for physical problems as well as for anxiety and depression (TR. 249-265; 360-366). During his examinations of Plaintiff, Dr. Spence had ample opportunity to observe Plaintiff and interact with him. On April 16, 2010, Dr. Spence completed a "Mental Status Form." Dr. Spence stated that Plaintiff was well kempt and well behaved but that Plaintiff had a "very limited ability to learn new things" (TR. 249). Dr. Spence further stated that Plaintiff could comprehend very simple tasks on a first grade level, would cooperate with coworkers, but could not deal well with stress (TR. 249).

On July 5, 2011, Dr. Spence completed an evaluation using a Medical Source Assessment (Mental) form which consisted of statements and checkmarks to indicate the severity of mental impairments. Dr. Spence's evaluation indicated that Plaintiff has noticeable difficulty or is not able to perform at all in fifteen of the twenty areas covered by the form (TR. 360-361). Dr. Spence stated that Plaintiff suffered from "mental retardation" (TR. 362). On the same day, Dr. Spence completed a Residual Functional Capacity form for assessing mental limitations (TR. 363-366). Dr. Spence concluded that Plaintiff's comprehension and interpersonal skills were very limited.

The ALJ summarily rejected Dr. Spence's opinions:

> [T]he undersigned assigned no weight to the claimant's treating source Dr. Spence's opinion that the claimant has severe learning disability as he fails to document findings to support his opinion; however, it is noteworthy that Dr. Spence did find the claimant able to perform repetitive routine tasks, make his own breakfast, and perform personal hygiene with no assistance

(TR. 15). The ALJ never expressly stated whether he was giving Dr. Spence's opinions controlling weight, as required by Agency regulations, *see* Soc. Sec. R. 96-2p, though that finding is implicit. The ALJ's statement concerning Dr. Spence's opinion did, however, provide a sufficient explanation for refusing to assign controlling weight to the opinion that Plaintiff's impairments include severe learning disabilities. But the ALJ failed to state his reasons for assigning "no weight" to Dr. Spence's opinion. The ALJ's failure to consider the relevant factors in determining the weight to be assigned to the opinion, renders this Court unable to review the ALJ's decision in this regard.  The Commissioner argues that this Court should, itself, consider and apply the factors relevant to determining the weight to be given to Dr. Spence's opinion (See Defendant's Brief at pages 7-8). But this Court is not authorized to make *post-hoc* rationalizations to support an ALJ's deficient analysis. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263(10th Cir. 2005) (district court may not create *post-hoc* rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself). The Commissioner cites an unpublished Tenth Circuit case for the proposition that "a court may recognize an obvious, though not explicitly stated, rationale for the ALJ's decision without engaging in post hoc activity."  Commissioner's Brief at 15 (*citing Luttrell v. Astrue*, 453 Fed. Appx. 786, (10th Cir. Dec. 23, 2011)).  In

*Luttrell*, the plaintiff contended that the ALJ had erred in failing to discuss Global Assessment of Functioning (GAF) scores. The Tenth Circuit held that the ALJ's omission did not require reversal, as the scores were "neither uncontroverted nor significantly probative, particularly given their remote timing and conflict with the CE's detailed medical findings, based on extensive objective testing performed shortly before the ALJ's decision." *Luttrell* at 793.

In this case, however, the rationale for the weight given to the treating physician's opinion is not obvious and not uncontroverted. Moreover, the evidence in question is quite significant—if the ALJ had given controlling weight to Dr. Spence's opinions, it would follow that Plaintiff would be found to be disabled. If this Court engaged in the analysis suggested by the Commissioner, this Court would, in fact, be providing a *post-hoc* rationale to support the ALJ's decision.  Further, this Court is not persuaded by the Commissioner's argument that the ALJ's error is harmless, given the value the agency places on opinions rendered by treating physicians:

> In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

*McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir.2002) (quotation and emphasis omitted). The ALJ's failure to apply the proper legal analysis in determining the weight to be given to Dr. Spence's treating source opinion requires reversal and remand of the Commissioner's final decision.

## II.    Limitations from Obesity and Sleep Apnea

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to include any limitations related to Plaintiff's obesity and sleep apnea---conditions the ALJ identified as severe at step two of the sequential evaluation (See Plaintiff's Brief at pages 18-20) (TR. 11). As to Plaintiff's obesity, however, the ALJ stated that he had "fully considered [Plaintiff's] obesity in the context of the overall record evidence in making this decision" (TR. 12). Moreover, Plaintiff does not identify any obesity-related limitations, and the record does not indicate that any such limitations exist in Plaintiff's case. *See* SSR 02-1P, 2000 WL 628049 (Evaluation of Obesity).

Plaintiff's is correct in his argument that the ALJ's decision fails to consider any evidence of limitations caused by sleep apnea. Plaintiff underwent a sleep study on May 20, 2010 (TR. 285–286). The test results demonstrated a sleep efficiency of only 72.7 percent. Plaintiff was diagnosed with mixed sleep apnea, severe with severe oxygen desaturations, insomnia, and daytime sleepiness and fatigue (TR. 286). On remand, the ALJ will have the opportunity to reconsider Plaintiff's RFC and the limiting effects, if any, caused by Plaintiff's sleep apnea.

In sum, the Commissioner's final decision should be reversed and remanded for further consideration of the weight to be given to the opinions of Plaintiff's treating physician, Dr. Spence; and for consideration of the limiting effects, if any, of Plaintiff's sleep apnea.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED** for further proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 4, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on January 17, 2013.


_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE